IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAMELA PERRY,**

    **Plaintiff,**

 **v.**

**HUGH QUILL,** *et al.***,**

    **Defendants.**

Case No. 2:10-cv-78
Judge Smith
Magistrate Judge Abel

## OPINION AND ORDER

This matter is before the Court on Defendants' Motions for Judgment on the Pleadings (Docs. 9 and 11). For the reasons that follow, the Court **GRANTS IN PART and DENIES IN PART** Defendants' motions.

**I. Background**

Plaintiff Pamela Perry began her employment with the State of Ohio in April 1988. (Compl. ¶ 12). Plaintiff began working at the Ohio Department of Administrative Services ("Ohio DAS") in September 2007, holding the position of Management Analyst Supervisor 2. *Id.* at ¶ 13. By letter dated July 30, 2009, Plaintiff was given notice that the Ohio DAS was contemplating the termination of her employment. *Id.* at ¶ 15. Plaintiff ultimately was terminated from employment, effective August 24, 2009. *Id.* at ¶ 15. Plaintiff's termination occurred after she provided statements to the Ohio Inspector General ("Ohio IG") during an investigation of alleged gross mismanagement within the Ohio DAS of the Consolidated Budget Reconciliation Act ("COBRA") program. *See id.* at ¶ 17-20.

During the investigation conducted by the Ohio IG, Plaintiff provided "truthful and candid evidence to investigators of gross mismanagement by her superiors according to Plaintiff's knowledge at the time." *Id.* at ¶ 17. In particular, Plaintiff provided information to the Ohio IG relating to the management of the COBRA program that "exposed the incompetent management program [developed] by Defendants Holbrook, Kelly, Bailey and other Ohio DAS management personnel." *Id.* at ¶ 26. The reasons given for Plaintiff's termination were at least in part based on statements she provided during the investigation. *Id.* at ¶ 19.

Defendants David Holbrook, Mitchell Bailey, and Nancy Kelly, who were all employees in the Human Resources Division of the Ohio DAS, established "an ill-conceived and ultimately unworkable process for handling COBRA payment checks," and then "quickly washed their hands of any responsibility for the program." *Id.* at ¶¶ 23-24. In the absence of clear and appropriate direction, subordinates like Plaintiff were left to develop their own procedures for processing payments. *Id.* at ¶ 24. Upon realizing that they were under investigation for mismanagement, Defendants Holbrook, Kelly, Bailey, and Brenda Oyer "set about to target their subordinates, and Plaintiff in particular, as the scapegoat for their own incompetent management of the COBRA program." *Id.* at ¶ 21. Stated differently, the Ohio DAS managers "conceived a scheme whereby their subordinates would be blamed for their own failures as managers." *Id.* at ¶ 25. "Acting independently and in concert," Defendants Holbrook, Kelly and Bailey "used the power of their official State office to retaliate against subordinates assisting in the Ohio IG investigation" and to "influence and direct the then-pending internal investigation." *Id.* at ¶ 27. These defendants engaged in "a pattern of character assassination" by blaming the program's failure and deficiencies on subordinates, including Plaintiff. *Id.* at ¶ 27. As a result of

Defendants' abuse of power, Plaintiff was terminated. *Id.* at ¶ 28.

In December 2009, Plaintiff filed suit, in the Franklin County Court of Common Pleas, against Hugh Quill, in his capacity as Director of the Ohio DAS, and David Holbrook, Nancy Kelly, Mitchell Bailey, and Brenda Oyer, all in their individual capacities. Plaintiff alleges the following: retaliation in violation of Ohio Rev. Code § 4113.52 (Count I); an action under 42 U.S.C. § 1983 for deprivation of her procedural and substantive due process rights (Count II); an action under 42 U.S.C. § 1985 for conspiracy to deny substantive and procedural due process (Count III); defamation (Count IV); invasion of privacy (Count V); violation of the Ohio Privacy Act (Count VI); retaliation in violation of public policy (Count VII); and breach of employment contract (Count VIII). Defendants removed the case to this Court in January 2010.

In February 2010, Defendant Holbrook moved for judgment on the pleadings, and in March 2010, the other defendants, Kelly, Bailey, Oyer, and Ohio DAS Director Quill, moved for judgment on the pleadings. These motions have been fully briefed and are ripe for disposition.

**II.     Defendants' Motions for Judgment on the Pleadings**

    **A.     Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *See, e.g., Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) (noting that where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court

must apply the standard for a Rule 12(b)(6) motion).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950.  While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).  In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Accordingly, the Court will grant a motion for judgment on the pleadings if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (Graham, J.) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).  Stated differently, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted).

### B. Plaintiff's Federal Claims

The Court will first address Plaintiff's federal due process and conspiracy claims against Defendants.

1.      **42 U.S.C. § 1983 Due Process Claim**

Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged violations of her constitutional rights.  This statute states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress [. . .]

42 U.S.C. § 1983.  This statute " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant (1) acted under color of state law to (2) deprive the plaintiff of a right secured by the constitution or a federal statute.  *Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991).

Plaintiff's complaint alleges that she was denied procedural and substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution as a result of Defendants' abuse of power.

a.      **Fourteenth Amendment Due Process**

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that no State shall "deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV, § 1.  The Due Process Clause has procedural and substantive components.  As the Sixth Circuit Court of Appeals explained in *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996), "substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair

deprivations of protected life, liberty, or property interests without procedural safeguards." Although Plaintiff's complaint alleges a violation of procedural due process, Plaintiff has abandoned this theory of liability. (*See* Pl. Mem. in Opp'n to Def. Mot. to Dismiss, p. 10, affirmatively stating that Plaintiff limits her due process claim to a claim that she was denied her substantive due process). Therefore, the Court focuses its attention on Plaintiff's claim that her substantive due process rights were violated.

The Fourteenth Amendment's substantive due process component "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Young v. Twp. of Green Oak*, 471 F.3d 674, 684 (6th Cir. 2006). "Substantive due process claims may be loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.' " *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997) (citations omitted). "The first type includes claims asserting denial of a right, privilege, or immunity secured by the Constitution or by federal statute other than procedural claims under 'the Fourteenth Amendment simpliciter.' " *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). The second type serves "as a limitation on official misconduct which, although not infringing on a fundamental right," is so oppressive it shocks the conscience. *Howard*, 82 F.3d at 1349.

Fundamental rights are those specifically guaranteed by the United States Constitution and those rights that are "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784 (1969). Consequently, courts have been restrictive in expanding substantive due process to include claims other than those relating to marriage, procreation, and the right to bodily integrity.

*Fernandez v. City of Pataskala, Ohio*, 2006 WL 3257389 (S.D. Ohio Nov. 9, 2006) (Graham, J.) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)).

In the employment law context, the Sixth Circuit Court of Appeals has rejected attempts to expand substantive due process protection to claims involving property interests in employment. *Id.* (citing *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir.1992) (state-created right to tenured position lacks substantive due process protection), and *Charles v. Baesler*, 910 F.2d 1349, 1355 (6th Cir.1990) (no substantive due process protection for state-created promotion rights)). Therefore, the violation of a fundamental right, or conduct that otherwise shocks the conscience, is necessary for a successful substantive due process claim for the termination of public employment. *Perry v. McGinnis*, 209 F.3d 597, 609 (6th Cir. 2000) ("substantive due process right may be implicated when a public employee is discharged for reasons that shock the conscience"); *Young v. Twp. of Green Oak*, 471 F.3d 674, 684 (6th Cir. 2006) (noting that, as a general rule, "the termination of public employment does not constitute a denial of substantive due process").

Here, Plaintiff essentially alleges that Defendants deprived her of a protected interest created by an Ohio statute, Ohio Rev. Code § 4113.52, and therefore denied her substantive due process. Section 4113.52 is a "whistleblower" statute that provides an employee protection from employer retaliation under certain circumstances. *See* Ohio Rev. Code § 4113.52(B) and (D) (providing for civil remedies for an employee who is subject to retaliatory action prohibited by the statute). Plaintiff argues that Ohio Rev. Code § 4113.52 creates a protected property right or interest for employees who, pursuant to their duty to report, provide information in an investigation relating to unlawful conduct. According to Plaintiff, this property right or interest

8

is protected by the substantive due process component of the Fourteenth Amendment.  The Court disagrees.

Any right or interest created or protected by the Ohio statute relied upon by Plaintiff cannot be characterized as the type of fundamental right or interest protected by the substantive due process component of the Fourteenth Amendment.  Not all "substantive rights" are protected as fundamental rights by the substantive due process component of the Fourteenth Amendment.  *See Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir. 2003) (noting that the interests protected by substantive due process are much narrower than those protected by procedural due process).  For example, property rights are state common law rights and are not equivalent to fundamental rights.  *DeKalb Stone, Inc. v. County of DeKalb, Georgia*, 106 F.3d 956, 959 (11th Cir. 1997); *see Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (noting that property rights are defined not by federal constitutional law but by state law).  Thus, where an "alleged right certainly cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental," substantive due process does not apply.  *Reno v. Flores*, 507 U.S. 292, 303 (1993) (internal quotation omitted); *see Regents of the Univ. of Michigan v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution.").

Although plaintiff was entitled to procedural due process to the extent she had a property interest in her employment, the substantive due process component of the Fourteenth Amendment is not implicated simply because a state right or interest was allegedly violated.  The right or interest created or protected by the Ohio statute is not a right or interest specifically

9

guaranteed by the United States Constitution or a right that is "implicit in the concept of ordered liberty." Therefore, insofar as Plaintiff asserts a violation of a fundamental right protected by the substantive due process component of the Fourteenth Amendment, this contention is unconvincing. Moreover, Plaintiff fails to allege any conduct that reasonably could be viewed as "shocking the conscience." For these reasons, Plaintiff fails to present a viable substantive due process claim under section 1983.

### 2.     42 U.S.C. §§ 1983 and 1985 Conspiracy Claims

Plaintiff alleges that Defendants conspired to deprive her of rights protected by the Constitution, and she asserts her conspiracy allegation under both 42 U.S.C. § 1983 and 1985(3). A civil conspiracy is an agreement between two or more people to injure another individual by unlawful action. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996). To state a claim for conspiracy to violate a right protected by § 1983, the plaintiff must allege facts showing a single plan existed, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the plaintiff. *Id.* Moreover, a plaintiff must present evidence of not only an agreement by the defendants to violate the plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992) (Spiegel, J.) ("plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of conspiracy is insufficient to establish a section 1983 claim").

Without addressing the issue of whether Defendants could even legally "conspire" against Plaintiff in view of the fact that they were employed by the same entity, the Court finds that Plaintiff's conspiracy claim under section 1983 is deficient. The fact that Plaintiff alleges a

conspiracy does not cure the fact that she fails to show that any of the defendants deprived her of any rights, privileges, or immunities secured by the Constitution.  For this reason, and the reasons expressed above regarding Plaintiff's section 1983 substantive due process claim, her section 1983 conspiracy claim fails.

Plaintiff's section 1985(3) conspiracy claim also fails.  In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must prove:  (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, (3) an act in furtherance of that conspiracy, (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen.  *Smith v. Thornburg*, 136 F.3d 1070, 1090 (6th Cir. 1998); *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).  The conspiracy must be motivated by racial or other class-based invidiously discriminatory animus.  *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005); *Mickey v. McFaul*, 2010 WL 3221921 (N.D. Ohio Aug. 13, 2010) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)).  Thus, section 1985(3) "only covers conspiracies against:  1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.' " *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (quoting *Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980)).  Here, the complaint contains no allegation of race or other protected class-based discrimination.  Therefore, Plaintiff fails to state a viable claim under section 1985(3).

### C. State Law Claims

Having resolved Plaintiff's federal claims, the Court will now address Plaintiff's state law claims.  It is well-settled that a district court may decline to exercise supplemental

jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir.1997). And the Sixth Circuit Court of Appeals has explained that the decision of whether to remand or dismiss is a matter normally left to the discretion of the district court. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) (quoting *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995)). Plaintiff urges the Court to remand the state law claims should the federal claims be dismissed. Indeed, Plaintiff initially filed this lawsuit in state court and Defendants removed it to this Court. The posture of this case, however, mitigates against a remand.

First, as to Defendant Ohio DAS, the Court notes that the Ohio Court of Claims has exclusive jurisdiction over actions seeking damages against the state. *See* Ohio Rev. Code § 2743.03 (establishing the Ohio Court of Claims and granting it exclusive, original jurisdiction over "all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code."). Second, a similar problem exists as to the individual defendants. Until the Ohio Court of Claims determines immunity under Ohio Rev. Code § 9.86, an action against state employee defendants in a common pleas court is not cognizable. *See State ex rel. Sanquily v. Court of Common Pleas of Lucas County*, 573 N.E.2d 606, 609 (Ohio 1991) (noting that § 2743.02(F) "vests exclusive original jurisdiction in the Court of Claims to determine whether [a state officer or employee] is immune from suit.").

Ohio courts therefore find that "[t]he proper procedure for addressing a case that has been improperly filed in the Common Pleas Court against the state of Ohio or employees is to dismiss it for lack of subject matter jurisdiction." *See, e.g., Adams v. Cox*, 2010 WL 438141 (Ohio Ct.

App. Feb. 9, 2010) (citation omitted).  Thus, even if plaintiff's state law claims would be remanded to the Franklin County Court of Common Pleas, Ohio law would mandate the dismissal of the claims for lack of subject matter jurisdiction.

Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses these claims without prejudice.  The Court expresses no opinion as to the merits of Plaintiff's state law claims.

### D. Plaintiff's Request for Leave to Amend Complaint

In her memorandum in opposition to Defendants' motions to dismiss, Plaintiff requests leave to amend the complaint should the Court find that greater specificity is mandated by federal pleading rules.  But more factual specificity in the complaint would not cure the fundamental deficiencies of Plaintiff's claims, as outlined above.  Therefore, amendment of the complaint would be futile.  Accordingly, Plaintiff's request is denied.  *See, e.g.*, *Miller v. Calhoun Cty*, 408 F.3d 803, 817 (6th Cir.2005) (citation omitted) ("[a] court need not grant leave to amend . . . where amendment would be 'futile.' ").

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motions for Judgment on the Pleadings (Docs. 9 and 11) as they relate to Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985.  Furthermore, the Court declines to exercise jurisdiction over Plaintiff's state law claims and dismisses these claims without prejudice.  Accordingly, Defendants' motions are **DENIED** as they relate to Plaintiff's state law claims.  Lastly, Plaintiff's request for leave to amend the complaint is **DENIED**, as amendment would be futile.

The Clerk shall remove Documents 9 and 11 from the Court's pending motions list.

13

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**